GOVER, *et al.* Lessee, *vs.* COOLEY.—June, 1826.

In an action of ejectment, the plaintiff obtained judgment against the *casual ejector*, and possession by writ, under such judgment. At the second term thereafter, the landlord of one of the tenants in possession, moved the court to set aside the judgment, &c. A rule was granted; and at the next term, the county court set aside the judgment, awarded restitution as prayed, permitted the landlord to appeal, and ordered the action to be reinstated on the docket, and regular continuances entered therein. At this stage of the proceedings, the plaintiff moved the court for a reconsideration, and to set aside the order for restitution, as unduly obtained. This being refused, the plaintiff appealed—*Held*, that the setting aside a judgment against the *casual ejector*, on the motion of the landlord of the tenant in possession, awarding restitution of the premises, and ordering the action to be tried, is but an interlocutory proceeding, from which an appeal will not lie; and the refusal of the county court to reconsider such proceedings, does not alter the case.

APPEAL from *Harford* County Court. Ejectment for a tract of land called *Rupalta*, brought on the 18th of August 1823. Copies of the declaration and notice were directed to, and served on, *Abraham Jarrett*, *Thomas Brown* and *William Russell*, as tenants in possession of the premises, or of some part thereof, to March term 1824, the copies which were directed to be served to August term 1823, having been returned *Tarde*. At an adjournment of March term 1824, viz. on the 12th of June 1824, on motion of the plaintiff, a judgment *nisi* for possession, &c. was entered against the *casual ejector*—the tenants, although called for that purpose, not appearing, &c. Writ of possession issued on the 12th of June 1824, and returned by the sheriff to August 1824, "possession delivered the 14th of June 1824." At March term 1825, a motion was made to the court by *Daniel M. Cooley*, (the appellee,) and *William Russell*, to strike out the judgment rendered by default, and to permit *Cooley*, the landlord of *Russell*, to appear and defend the action, and to award a writ of restitution. This

motion was accompanied with sundry affidavits. A rule was made on the plaintiff to show cause, during the next term, why the judgment should not be set aside, and *Cooley* be admitted to appear and defend the action. At August term 1825, the plaintiff filed certain affidavits; and the court ordered that the judgment rendered against the *casual ejector* be stricken out, and that the writ of possession, issued thereon, be set aside. The court further ordered, that a writ of restitution be issued to give possession to *Cooley* of all that part of the land and premises mentioned in the declaration, which was in the month of October 1823, in the possession and occupation of *Russell*, and which is commonly called *Cooley's Fishery;* that the clerk continue the action from June 1824 until the then term, by regular continuances; and that *Cooley* be admitted to defend the action on the usual terms. *Cooley* then appeared by his attorney, and entered into the common rule, with leave to ascertain his defence; and the plaintiff filed a new declaration against him, in the usual manner, and *Cooley* took defence on warrant, and pleaded not guilty, to which issue was joined. (*a*). At the same term, (August 1825,) the plaintiff filed additional affidavits, and moved the court to reconsider the motion on the part of the defendant, and to set aside the order for a writ of restitution, as unduly and unfairly obtained, without apprizing the court of the death of *Russell*, and of the sale of the interest of *Cooley* in the premises mentioned, before the said motion was made in his behalf as landlord thereof. The court overruled the motion made by the plaintiff; and he appealed to this court.

Motion by the appellee to dismiss the appeal.

This motion was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, and STEPHEN, J.

*Gill*, for the motion, contended, that the judgment appealed from was not final—it was merely interlocutory. The court below have set aside a judgment by default in an action of ejectment, and ordered the case to stand continued—new parties to be made; and the new parties have appeared. This authority is derived, as well from the nature of the action, as the

(*a*) The filing the new declaration, the plea, and joining in issue, the parties admitted to be a mistake in making the record.

act of assembly. Nov. 1787, *ch.* 9, *s.* 6. *Spurrier vs. Yield-hall*, 2 *Harr. & M'Hen.* 173. The judgment does not profess to settle the case finally. It places the parties in *statu quo.* Interlocutory judgments at law cannot be appealed from. *Wilner vs. Harris*, 5 *Harr. & Johns.* 7. Here no right has been finally decided. The refusal of the court to strike out a judgment by default, and suffer the defendant to plead, is not a subject of appeal, and cannot be revised by this court. *Jackson vs. Union Bank*, 6 *Harr. & Johns.* 151, *(note.)* It is the policy of the law to postpone appeals from inferior courts until final judgment; for all errors in the decisions and judgments of such courts, being part of the record, may be corrected in the court of last resort. The motion below having been sustained upon affidavits, which are a part of the record, this court have the means, if they look into the merits, of ascertaining whether it was correctly granted.

*Mitchell*, against the motion, cited *Jackson vs. Babcock*, 17 *Johns. Rep.* 112. 2 *Sellon's Pr.* 107. *Adams on Eject.* 239. *Doe vs. Roe*, 3 *Taunt.* 506. *Doe vs. Davies*, 8 *Serg. & Low.* 37. 2 *Harr. Ent.* 46, 47.

APPEAL DISMISSED.